NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3354
_____

STEVEN BERRY,
Appellant

v.

MATTHEW KABACINSKI, Individually and in his official capacity
as Trooper for the Pennsylvania State Police
_____

On Appeal from United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-15-cv-00169)
District Judge:  Honorable Martin C. Carlson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 25, 2017

Before:  HARDIMAN, ROTH, and FISHER, *Circuit Judges*.

(Filed: August 8, 2017)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Berry appeals the District Court's order granting summary judgment against him on his malicious prosecution, false arrest, and false imprisonment claims. We will affirm.

## I.

During the course of their fractious marriage, which ultimately ended in divorce, Steven Berry ("Berry") and Joan Berry ("Joan") each obtained several Protection from Abuse Orders ("PFAs") against the other. In March 2013 Berry pleaded guilty in Pennsylvania state court to four counts of violating one such PFA and was sentenced to 18 months' probation.

On May 10, 2013, Pennsylvania State Trooper Matthew Kabacinski responded to a call at Joan's home. Joan alleged that Berry violated a PFA by sending her text messages and attending an event at their daughter's school that he knew Joan was also attending. Joan told Kabacinski that, while at the event, Berry approached her, tapped her on the shoulder, and handed her flowers for one of their daughters. Joan also informed Kabacinski about Berry's convictions for past PFA violations.

Trooper Kabacinski's subsequent investigation confirmed that Berry had a criminal record for prior PFA violations and that there was an extant PFA prohibiting Berry from contacting Joan except to facilitate visitation of their children. Kabacinski discussed Joan's allegations and the results of his investigation with the York County, Pennsylvania District Attorney's Office. Based on their conversation, an Assistant

2

District Attorney advised Kabacinski to file charges of stalking, harassment, and violation of a PFA. These charges ultimately led to Berry's arrest.

At a preliminary hearing in state court, based on Joan and Trooper Kabacinski's testimony, a magistrate judge concluded that there was probable cause to support the charges filed against Berry. Because Berry was serving a term of probation at the time of his arrest, he was denied bail. Thereafter, Berry petitioned for habeas corpus relief arguing that there was no probable cause to support the charges and that Joan was lying. A York County, Pennsylvania judge held a hearing, concluded that there was sufficient prima facie evidence to support the charges, and denied Berry's petition. Berry elected to proceed to trial on the charges.

Berry was acquitted of stalking and harassment. With respect to the PFA violation charge, Berry agreed to participate in a drug and alcohol counseling program, to undergo a mental health evaluation, and to the entrance of a new PFA. Upon Berry's successful completion of the program and after a new PFA was entered against him, the earlier PFA violation charge was withdrawn.

Berry then brought this action under 42 U.S.C. § 1983 against Trooper Kabacinski, asserting malicious prosecution, false arrest, and false imprisonment claims. The District Court entered summary judgment in favor of Kabacinski.[1] It reasoned that Berry's inability to show that the underlying criminal proceeding terminated in his favor

---

[1] 2016 WL 3683158 (M.D. Pa. July 12, 2016).

was fatal to his malicious prosecution claim, and that because Kabacinski had probable cause to believe Berry violated a PFA, Berry's false arrest and false imprisonment claims were untenable. The District Court also concluded that Kabacinski was entitled to qualified immunity. Berry appeals.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a district court's order granting summary judgment and apply the same standard the district court applied."[2] We will affirm if, viewing the evidence in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[3] We may affirm the District Court on any ground supported by the record.[4]

## III.

On appeal, Berry argues that (1) there was no probable cause to arrest and prosecute him, (2) the criminal proceedings terminated in his favor, and (3) Trooper Kabacinski is not entitled to qualified immunity. Because we agree with the District Court that probable cause existed, we need not and do not reach Berry's other arguments.

---

[2] *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256 (3d Cir. 2017).
[3] Fed. R. Civ. P. 56(a).
[4] *Mancini v. Northampton Cty.*, 836 F.3d 308, 313 (3d Cir. 2016).

4

The absence of probable cause is an element of malicious prosecution, false arrest, and false imprisonment claims.[5] "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue."[6] "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."[7] As long as probable cause existed to support any single offense that could have been charged, an arrest is deemed supported by probable cause.[8]

Here, Joan told Trooper Kabacinski that Berry violated a PFA by initiating physical contact with her at their daughter's school and by sending her multiple text messages. Kabacinski's investigation revealed that there was indeed an extant PFA

[5] *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (malicious prosecution); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634, 636 (3d Cir. 1995) (false arrest and false imprisonment).

[6] *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)).

[7] *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995).

[8] *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994). However, "probable cause on one charge does not foreclose a malicious prosecution cause of action based on additional charges for which there was no probable cause." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016) (citation and emphasis omitted). In such cases, the plaintiff must show that "the additional charges for which there might not have been probable cause . . . resulted in additional restrictions on his liberty beyond those attributable to the prosecution on the . . . charges for which there was probable cause." *Johnson v. Knorr*, 477 F.3d 75, 86 (3d Cir. 2007). Berry does not explain how the stalking and harassment charges caused an additional restriction on his liberty and has therefore forfeited that argument. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).

prohibiting Berry from contacting Joan. These facts create a fair probability that Berry's actions violated the PFA and a reasonable jury could not find a lack of probable cause to arrest and prosecute him for that violation. Berry's claims thus fail.

Because summary judgment was warranted on Berry's claims based on the existence of probable cause, we need not and do not reach Berry's other arguments.

## IV.

For the reasons set forth above, we will affirm.